# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES ex rel. JOEL COMPTON, | ) ) ) |
| Plaintiff-Relator, | ) ) |
| v. | ) ) ) |
| CIRCLE B ENTERPRISES, INC. d/b/a PRECISION HOMES, JACKIE WILLIAMS; PATRICIA WILLIAMS; DESTINY INDUSTRIES, LLC; RIVER BIRCH HOMES, INC.; WAVERLEE HOMES, INC.; LIBERTY HOMES, INC.; PHIL FOWLER; DELMO PAYNE; AND GERALD TERRELL, | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: 7:07-CV-00032-HL |
| Defendants. | ) ) |

## PROTECTIVE ORDER
## REGARDING CONFIDENTIAL INFORMATION

The discovery and the exchange of information and documentation by the parties in this action will involve the production of documents, materials, information, and other things by the named parties which those parties may contend contain business, financial, competitive, proprietary, trade secret, or other information of a sensitive nature about a party (or other non-parties), or a party's business operations, hereafter referred to as "Confidential Information."

1

In order to facilitate the voluntary and expeditious production and exchange of Confidential Information by the Parties and any nonparties, this Court hereby enters this Protective Order Regarding Confidential Information (the "Protective Order").

## Designation of Confidential Information

Solely for the purposes of this action, any and all expert reports, financial information, and other confidential or proprietary information and any and all related materials, in any form or format (whether hard copy or electronic format) produced in or in used connection with this action either: (i) by the parties and any of their respective consultants, experts, employees, or any other party who performed any labor or services or provided materials in connection with the subject of this action; (ii) to any of the parties, shall be considered Confidential Information if so marked as hereafter provided.

## Access to Confidential Information

Except as otherwise expressly provided herein, agreed by the parties in writing, or ordered by this Court, Confidential Information may be disseminated only as follows:

(a) To the Court in this matter, its secretaries and law clerks, and any court reporter transcribing any hearings or other proceedings in this arbitration;

(b) To attorneys in a law firm appearing of record for a party in this action, in-house attorneys employed by any party to this litigation and working on this litigation, and their employed secretaries, paralegals, legal assistants, clerks, staff, and contract paralegals or staff retained to work on this litigation.

(c) To the parties. Where such party is an entity, such disclosure is limited to those persons actively engaged in working on or assisting in the preparation, prosecution, and defense of this case.

(d) To any expert or consultant who is retained by the parties and their counsel of record in this action, and any employee of any such expert, provided that the person to whom Confidential Information is disclosed has first executed an agreement in the form of Exhibit "A" hereto; and

(e) To any person who may testify as a witness either at deposition, hearing or other proceeding in this matter, but such disclosure shall be only for the purpose of assisting in the interviewing, preparation or examination of the witness.

## Designation of Confidential Materials

Any party seeking to designate any document produced by that party as containing "Confidential Information" shall mark each page of each such document as "Confidential Pursuant to Protective Order." Testimony with respect to Confidential Information may be so designated by so stating on the record.

## Use of Confidential Information

*Use in this Matter Only.* Confidential Information may be used for all lawful purposes relating to this matter, including without limitation in connection with investigating the facts concerning the issues and potential issues in the case, conducting discovery, interviewing, preparing and deposing witnesses and expert witnesses, filing and responding to motions,

conferring with witnesses, expert witnesses, and consultants regarding the factual and legal issues in dispute, investigating, asserting, prosecuting additional claims and defenses against any party or parties to this action, and asserting the Parties' respective claims and defenses in court filings and at hearings and trial in this matter. The lawful use of such Confidential Information in this litigation shall also include disclosing any such Confidential Information in interviewing any potential non-party witnesses. Because non-party witnesses are not within the parties' control, there shall be no requirement that such non-party witnesses execute an agreement to be bound by the terms of this Order, although no copies of such Confidential Information shall be left with any non-party witness who does not execute an agreement to be bound by the terms of this Order. Each party and person to whom the disclosure of Confidential Information is made and who executes an agreement to be bound by the terms of this Order shall not, in any way, directly or indirectly, use, discuss, disclose, publish, reveal, or disseminate, or attempt to use, discuss, disclose, publish, reveal, or disseminate in any form, format or medium, any Confidential Information except as expressly provided herein.

*Use at Depositions.* Except as otherwise provided herein, if Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time any Confidential Information is to be discussed, any person (not including a deponent) required by this Protective Order to execute an agreement in the form of Exhibit "A" hereto who has not executed such an agreement and who does not agree to abide by the terms of this Protective Order.

*Objections to Confidential designations.* Any party may object to any other party's confidentiality designation by serving written notice of objection on all parties, specifying with reasonable particularity the basis for the objection. The designating party may, within 10 days after the service of such notice, file a motion for protective order with the Court seeking a determination that the confidentiality designation is appropriate, but the designating party shall nonetheless produce the documents in discovery immediately, pending resolution of the motion. If the designating party does not file such a motion within 10 days, the relevant document or documents shall be relieved from the restrictions of this Protective Order. In the event the designating party does timely file such motion within 10 days, all parties shall preserve the confidentiality of the relevant documents pending resolution by the Court.

*Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information except as such disclosure is authorized by this Order.

*Response to Subpoena.* In the event that a party receiving Confidential Information is served with a valid subpoena issued by a court of competent jurisdiction, which subpoena shall call for the production of documents and materials produced subject to this Protective Order, that receiving party shall provide written notice of the service of the subpoena to the producing party. Such notice shall be given within ten (10) days of service of the subpoena unless the subpoena calls for the receiving party to produce such documents and/or materials in a shorter time, in which event notice shall be given at least two (2) days in advance of the date of production, if possible. If the producing party wishes to preclude the receiving party's

production of the subpoenaed documents and/or materials, the producing party shall promptly file with the court issuing the subpoena a motion to quash and/or motion for protective order, and shall promptly serve a file-stamped copy of the same upon the receiving party's lead counsel. Upon the receiving party's receipt of service of the producing party's file-stamped motion to quash or motion for protective order, the receiving party shall refrain from producing in response to the subject subpoena documents and materials produced subject to this Protective Order unless and until the court in which the motion to quash or motion for protective order is filed denies the producing party's motion to quash or motion for protective order or otherwise orders the receiving party to produce those documents or materials.

*Party's Own Documents*. This Order is intended to apply only to documents produced during discovery in this action. This Order shall not restrict any party's right or ability to disclose or otherwise disseminate (i) its own Confidential Information, (ii) documents which it possessed before the commencement of discovery in this action, or (iii) documents it acquires independently of discovery in this action, as it so chooses. Furthermore, to the extent that any party voluntarily discloses its own Confidential Information to any third party, such disclosure does not constitute a waiver of the disclosing party's rights under this Order.

*Return or Other Disposition After Litigation.* Within sixty (60) days of the final termination of this matter by final, non-appealable judgment, fully-executed settlement agreement, or other final, non-appealable resolution, counsel for each party shall consult with counsel for the party furnishing the Confidential Information and determine the appropriate course of action to preserve, return, destroy, or otherwise dispose of said Confidential

Information.

## **Other Provisions**

*Not an Admission.* Nothing in this Protective Order shall preclude the parties or any other person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, litigation preparation materials, and privilege.

*Survival of Obligations.* This Protective Order and the agreements executed pursuant hereto shall survive the termination of this action, whether by dismissal, judgment, settlement, or otherwise.

*Modification.* The parties to this Protective Order may modify any of the provisions of this Protective Order by written agreement executed by all parties.

*Miscellaneous.* This Protective Order shall apply to the production of all Confidential Information, documents and/or materials produced by any party pursuant to the terms of this Protective Order in connection with this action, whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this action. This Protective Order may be used to protect the confidentiality of the residential addresses and social security numbers of the Parties and of any and all current or former employees of either of the parties or their affiliates.

SO ORDERED, this 5th day of May, 2011.

                                                  s/ Hugh Lawson
                                                  United States District Court for the
                                                  Middle District of Georgia, Valdosta Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. JOEL COMPTON, | ) ) ) | |
| Plaintiff-Relator, | ) ) ) | |
| v. | ) ) ) | |
| CIRCLE B ENTERPRISES, INC. d/b/a PRECISION HOMES, JACKIE WILLIAMS; PATRICIA WILLIAMS; DESTINY INDUSTRIES, LLC; RIVER BIRCH HOMES, INC.; WAVERLEE HOMES, INC.; LIBERTY HOMES, INC.; PHIL FOWLER; DELMO PAYNE; AND GERALD TERRELL, | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 7:07-CV-00032-HL |
| Defendants. _____/ | ) ) | |

**AGREEMENT CONCERNING DOCUMENTS
AND MATERIALS COVERED BY PROTECTIVE
<u>ORDER REGARDING CONFIDENTIAL INFORMATION</u>**

I have been designated by _____ as a person who may have access to certain Confidential Information as that term is defined in the Protective Order Regarding Confidential Information (the "Protective Order") entered in the above-styled action.

Having read the Protective Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and/or materials and/or the information contained therein that are subject to the Protective Order. I agree not to copy any documents, materials or other information designated as Confidential Information and disclosed to me except for purposes related to this action, and not to use, disclose, publish, reveal or disseminate in any way such documents and/or materials and/or the information contained therein to any person or entity not authorized under the Protective Order to receive, review, use or possess Confidential Information. I consent to the jurisdiction of the court in which this action is pending for enforcement of this Agreement.

Executed this_____day of _____ , 2011.

_____
Signature

_____
Print Name

_____
Address

_____
Employer

_____
Job Title